UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 25-20221-CR-MARTINEZ/GOODMAN

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JASON SESSIONS,

    Defendant.

_____/

### REPORT AND RECOMMENDATIONS ON CHANGE OF PLEA

United States District Judge Jose E. Martinez referred to the Duty Magistrate Judge a change of plea hearing for the acceptance of Jason Sessions' ("Defendant") guilty plea. [ECF No. 37]. The Undersigned conducted a hearing and **recommends** the following to the District Court:

    1.    On July 2, 2025, the Undersigned convened a hearing to permit Defendant to enter a change of plea. The Undersigned advised Defendant of the right to have these proceedings conducted by the District Judge assigned to the case. Further, I advised Defendant that I was conducting the change of plea hearing on a referral from the District Court and with the agreement of Defendant, defense counsel, and the Assistant United States Attorney ("AUSA") assigned to this case. I also advised Defendant that the District Judge assigned to this case would be the sentencing judge and that this judge would schedule and conduct a sentencing hearing

where he would make all findings and rulings concerning Defendant's sentence.

2. Defendant, defense counsel, and the AUSA all agreed on the record to the Undersigned conducting the change of plea hearing.

3. Defendant represented to the Court that he is satisfied with defense counsel's representation.

4. Defendant is participating in a substance abuse program. He has not been under the influence of drugs in the past 48 hours.

5. Defense counsel represented to the Court that he has no reason to believe his client is not competent to go forward with the change of hearing and, in fact, believes Defendant is competent to participate in the hearing.

6. The AUSA knew of no information which would provide a reason to believe that Defendant is not competent to participate in the hearing.

7. The Undersigned conducted a plea colloquy in accordance with Federal Rule of Criminal Procedure 11.

8. There is a written plea agreement that has been entered into by the parties in this case. The Undersigned reviewed the plea agreement on the record with Defendant and he acknowledged that he signed the plea agreement. The Undersigned made certain that Defendant was aware of any minimum mandatory and maximum sentences that could be imposed in this case in accordance with the plea agreement and the applicable statutes.

9. The written plea agreement included an appellate waiver concerning forfeiture.

After I reviewed the terms and consequences of the forfeiture appellate waiver on the record with Defendant, he knowingly and voluntarily waived his appellate rights as to forfeiture.

10. Defendant pled guilty to the Information. [ECF No. 28].[1] The Information charges him with possession with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

11. The written factual proffer Defendant signed stated a factual basis for the entry of the plea, which included all of the essential elements of the crime to which Defendant is pleading guilty, and any sentencing enhancements and/or aggravating factors that may be applicable. Defendant explained, in his own words, what he did in connection with this offense. He acknowledged the accuracy of the factual proffer as well as his guilt and knowing participation in the alleged crime.

12. Based upon all of the foregoing and the plea colloquy conducted by the Undersigned, the Undersigned **respectfully recommends** that the District Court find that Defendant freely and voluntarily entered a guilty plea to the Information [ECF No. 28], and that it adjudicate Defendant guilty.

**ACCORDINGLY**, the Undersigned **respectfully recommends** that the District Court accept Defendant's plea of guilty, adjudicate him guilty of the offense listed in the Information [ECF No. 28], to which a plea of guilty has been entered, and conduct a sentencing hearing for final disposition of this matter.

---

[1] Defendant and his counsel signed a Waiver of an Indictment. [ECF No. 14].

The parties shall have three (3) days[2] from the date of this Report and Recommendations to serve and file written objections, if any, with the District Court. Each party may file a response to the other party's objection within three (3) days of the objection. Failure to file timely objections waives a party's right to review issues related to Defendant's plea under Federal Rule of Criminal Procedure 11 before the District Judge or the Court of Appeals (even under a plain error standard). *See* Fed. R. Crim. P. 59(b)(1), (2), cited in *United States v. Lewis,* 492 F.3d 1219, 1222 (11th Cir. 2007) (*en banc*).

**RESPECTFULLY RECOMMENDED**, in Chambers, in Miami, Florida, on July 2, 2025.

Jonathan Goodman
CHIEF UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
The Honorable Jose E. Martinez
All Counsel of Record
United States Probation Office

---

[2] The Undersigned is shortening the deadline to file objections and responses to any objections from 14 days to three days because the parties have executed a plea agreement, and the Undersigned does not anticipate any objections to this change of plea.